LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARIA PEREZ,
*on behalf of herself,*
*FLSA Collective Plaintiffs and the Class,*

                Plaintiffs,

         v.

SIXTH AVENUE RESTAURANT
MANAGEMENT LLC
    d/b/a L'AMICO,
LT HOSPITALITY MANAGEMENT INC.,
and LAURENT TOURONDEL,

                Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, MARIA PEREZ ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SIXTH AVENUE RESTAURANT MANAGEMENT LLC d/b/a L'AMICO, LT HOSPITALITY MANAGEMENT INC. (collectively "Corporate Defendants"), and LAURENT TOURONDEL ("Individual Defendant," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, (a) pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages and (3) attorneys' fees and costs, and Plaintiff further alleges that, (b) pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA"), she is entitled to recover from Defendants for damages suffered, including but not limited to (1) lost wages and benefits, (2) interest and (3) reasonable attorney's fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages, (3) statutory penalties and (4) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiff is entitled to recover from Defendants for discrimination on the basis of age: (1) back wages and (2) compensatory damages.

4. Plaintiff further alleges that, pursuant to New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff is entitled to recover from Defendants for discrimination on the basis of age: (1) back wages, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§1331, 1343 and 2202 to secure protection of the Family and Medical Leave

Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA").  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff, MARIA PEREZ, for all relevant time periods, was a resident of New York County, New York.

8. Defendants operate a restaurant located at 849 Avenue of the Americas, New York, NY 10001 under the trade name "L'AMICO."

9. Corporate Defendant SIXTH AVENUE RESTAURANT MANAGEMENT LLC d/b/a L'AMICO is a foreign limited liability company organized under the laws of Delaware, with a service of process address located at c/o CT Corporation System, 28 Liberty Street, New York, NY 10005 and principal place of business located at 849 Avenue of the Americas, New York, NY 10001.

10. Corporate Defendant LT HOSPITALITY MANAGEMENT INC. is a domestic business corporation organized under the laws of New York State, with a service of process address located at c/o Ralph R. Hochberg, McLaughlin & Stern LLP, 260 Madison Avenue, New York, NY 10016 and principal place of business located at 849 Avenue of the Americas, New York, NY 10001.

11. Individual Defendant LAURENT TOURONDEL is the founder and Chief Executive Officer of Corporate Defendants. LAURENT TOURONDEL exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. LAURENT TOURONDEL had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise

affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all times, employees could complain to LAURENT TOURONDEL regarding any of the terms of their employment, and LAURENT TOURONDEL would have the authority to effect any changes to the quality and terms of their employment. LAURENT TOURONDEL ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. LAURENT TOURONDEL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

12. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and a "covered employer" within the meaning of the FMLA.

13. At all relevant times, Plaintiff was a "covered employee" within the meaning of the FMLA.

14. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

15. At all relevant times, Defendants employed at least eleven (11) employees as defined under the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons who were paid on an hourly basis (including food preparers, bartenders, bar-backs, servers, stockers, runners, bussers, dishwashers, and delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages for all hours worked due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons who are paid on an hourly basis (including food preparers, bartenders, bar-backs, servers, stockers, runners, bussers, dishwashers, and delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of

notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper wages due to time-shaving, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide notices to Class members, at date of hiring and annually, per requirements of the NYLL.

23. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendant and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future

employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

  b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

  c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

  d. Whether Defendants paid Plaintiff and Class members the proper wage for all hours worked;

  e. Whether Defendant provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL; and

  f. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

## STATEMENT OF FACTS

28. In or around July 2017, Plaintiff MARIA PEREZ, was hired by Defendants as a food preparer for Defendants' restaurant, L'Amico, located at 849 Avenue of the Americas, New York, NY 10001. Plaintiff's employment was terminated on or around September 20, 2018.

29. From the start of her employment until October 2017, Plaintiff MARIA PEREZ was scheduled to work from 9:00 a.m. to 5:00 p.m., five (5) days a week, for a total of forty (40) hours per week. During this period, on occasion, Plaintiff worked beyond her scheduled hours and worked over 40 hours per week. From October 2017 to August 2018, Plaintiff's schedule was reduced to 9:00 a.m. to 5:00 p.m., four (4) days a week, for a total of thirty two (32) hours. From August 2018 until the end of her employment in or around September 2018, Plaintiff's schedule was further reduced to 8:00 a.m. to 3:00 p.m., two (2) days a week, for a total of fourteen (14) hours per week. FLSA Collective Plaintiffs and Class members were scheduled to work similar hours as Plaintiff's schedule prior to October 2017.

30. From the start of her employment in July 2017, Plaintiff MARIA PEREZ was paid at a rate of $11.00 per hour. From January 2018 until the end of her employment in September 2018, Plaintiff was paid at a rate of $13.00 per hour.

31. Plaintiff MARIA PEREZ was not paid for all of her hours worked. Throughout her employment with Defendants, thirty (30) minutes were automatically deducted per workday from Plaintiff MARIA PEREZ. However, despite Plaintiff being clocked out for her meal break, Plaintiff was required to work throughout her break. This resulted in unpaid wages due to Defendants' time shaving policy. FLSA Collective Plaintiffs and Class members worked similar hours and were similarly not permitted a free and clear meal break.

32. Defendants failed to maintain proper employment records, as required by the FLSA and NYLL. At all relevant times, Defendants provided fraudulent wage statements to Plaintiff, which failed to accurately show the number of hours worked by Plaintiff in a given workweek. Class Members received similar fraudulent wage statements due to Defendants' policy of time shaving.

33. Defendants never provided Plaintiff and Class Members with proper wage notices, as required by the NYLL.

34. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time-shaving, in violation of the FLSA and NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

36. Defendants knowingly and willfully failed to provide proper wage and hour notice to employees at the beginning of employment and annually thereafter pursuant to the requirements of the NYLL.

37. During Plaintiff MARIA PEREZ's employment by Defendants, Defendants permitted managerial employees to foster a hostile work environment. The supervisors at the restaurant created a hostile environment and discriminated against Plaintiff MARIA PEREZ on the basis of her age. At the end of her employment, Plaintiff was 52 years old. At all relevant times, Plaintiff was the oldest employee.

38. In 2017, Chef "Jonathan" (Last Name Unknown), who was Plaintiff MARIA PEREZ's supervisor, reduced Plaintiff's work hours from 40 hours per week to 32 hours per week to pressure Plaintiff to quit as she was the oldest employee. The reason given to Plaintiff

was that there was "no work" however, Plaintiff was the only employee whose work schedule was cut.

39. After Plaintiff's hours were reduced, Plaintiff was subjected to a hostile environment of constant berating and yelling. Chef Jonathan and sous-chef Mario (Last Name Unknown) constantly screamed at and berated Plaintiff and would give Plaintiff the hardest and most time consuming work and then specifically follow and harass Plaintiff over her work. As a result of the hostile work environment, Plaintiff MARIA PEREZ developed low blood pressure, which led to Plaintiff suffering several fainting episodes at work.

40. Furthermore, when Plaintiff still did not quit, in August 2018, Defendants sous-chef Mario drastically reduced Plaintiff's scheduled shifts from thirty two (32) hours to fourteen (14) hours, from 8:00 a.m. to 3:00 p.m., 2 days a week in another attempt to have Plaintiff quit. Sous-chef Mario informed Plaintiff that her hours were reduced because there was "no work." However, once again, Plaintiff was the only employee whose schedule was cut. When Plaintiff complained to her supervisors regarding her reduced schedule, Chef Florian (Last Name Unknown) told her that the change was "non-negotiable, get another job if you don't like it."

41. On or around September 19, 2018, Human Resources ("HR") demanded Plaintiff provide documentation that Plaintiff was fit to work or else she could not work and HR would have to write her up. Plaintiff did not have the documentation at the time and was written up.

42. On or around September 20, 2018, Plaintiff met with HR in an attempt to resolve the issues regarding the hostile work environment, harassment and low blood pressure and stress related health problems which resulted in her frequent write-ups. However, HR was unwilling to listen to Plaintiff's grievances.

43. After HR refused to listen to Plaintiff's grievances, Plaintiff then applied for leave under the FMLA based on having a serious health condition which left her unable to perform the essential functions of her job. Plaintiff's request for leave under the FMLA was due to her low blood pressure, which was directly causing her fainting episodes. Her condition prevented her from performing the essential function of her job, preparing food. However, Plaintiff's request for medical leave under the FMLA was ignored and as a result denied.

44. After HR rejected Plaintiff's request, she was followed, harassed and told to take her belongings out of her locker when she had another incident of fainting and had to go to the hospital.

45. As a result, in or around September 2018, Plaintiff was constructively terminated and forced to resign from her position.

46. Plaintiff was an eligible employee under the FMLA. Defendants are a covered employer under the FMLA with at least 50 employees. Plaintiff had worked for Defendants for at least 12 months and at least 1,250 hours prior to her request for leave under the FMLA.

47. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this Class and Collective Action Complaint as if fully set forth herein.

49. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51. At all relevant times, the Defendants had gross annual revenues in excess of $500,000.

52. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time shaving.

53. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, when Defendants knew or should have known such was due.

55. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime wages, plus an equal amount as liquidated damages.

58. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

59. Plaintiff realleges and reavers Paragraphs 1 through 58 of this Class and Collective Action Complaint as if fully set forth herein.

60. Defendants violated Plaintiff's statutory protected rights under the FMLA, by unjustifiably refusing Plaintiff's right to take medical leave.

61. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the FMLA.

62. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages and the costs of bringing this action.

63. Due to Defendants' violation under the FMLA, Plaintiff is entitled to recover from Defendants: (1) back pay, (2) liquidated damages, and (3) attorneys' and expert fees and costs.

## COUNT III

## VIOLATION OF THE NEW YORK LABOR LAW

64. Plaintiff realleges and reavers Paragraphs 1 through 63 of this Class and Collective Action Complaint as if fully set forth herein.

65. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

66. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them wages in the lawful amount for all hours worked due to time shaving.

67. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

68. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the NYLL.

69. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages due to time-shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT IV

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

70. Plaintiff realleges and reavers Paragraphs 1 through 69 of this Class and Collective Action Complaint as if fully set forth herein.

71. The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of

an individual's age.

72. Plaintiff is an employee and a qualified person within the meaning of NYSHRL and Defendants are covered employers under the NYSHRL.

73. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuses made against Plaintiff on the basis of her age, and by constructively terminating Plaintiff's employment by drastically reducing her scheduled hours and refusing to address her grievances.

74. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the New York Executive Law § 296.

75. As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

76. Due to Defendants' violations under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) back pay and (2) compensatory damages.

## COUNT V

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

77. Plaintiff realleges and reavers Paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78. The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's age.

79. Defendants have and have had at all relevant times herein, at least four (4) persons in their employ. Plaintiff is an employee and a qualified person within the meaning of

NYCHRL and Defendants are covered employers under the NYCHRL.

80.     Defendants operated a business that discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made towards Plaintiff on the basis of her age, and by constructively terminating Plaintiff's employment by drastically cutting her hours and refusing to address her grievances.

81.     As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

82.     Due to Defendants' violations under the NYCHRL, as amended, based on discrimination on the basis of age, Plaintiff is entitled to recover from Defendants: (1) back pay and (2) compensatory damages.

## COUNT VI

## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

## (SUPERVISOR LIABILITY)

83.     Plaintiff realleges and reavers Paragraphs 1 through 82 of this Complaint as fully set forth herein.

84.     Under the NYCHRL, Administrative Code Title 8-107(13), an employer is liable for the discriminatory conduct by an employee, agent or independent contractor. The relevant code provides:

    (a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
    (b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

>   (1) the employee or agent exercised managerial or supervisory responsibility; or
>   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
>   (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

85. Defendants violated the section cited herein as set forth. Defendants' chefs Florian, Jonathan and Mario were supervisors in a managerial capacity. They discriminated against Plaintiff based on Plaintiff's age by constantly yelling and screaming at her and constructively terminating Plaintiff by drastically cutting only her work hours and none of the other employees.

86. At all relevant times, Defendants operated a business that discriminated against Plaintiff on the basis of her age.

87. Defendants willfully violated the NYCHRL, Administrative Code Title 8-107(13), as amended.

88. Due to Defendants' violation of NYCHRL, as amended, on the basis of Defendants' discriminatory practices, Plaintiff is entitled to recover from Defendants: (1) back and front pay, (2) compensatory and punitive damages and (3) attorneys' fees and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, FMLA, NYLL, NYSHRL and NYCHRL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the NYLL due to Defendants' policy of time shaving;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for all hours worked pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for all hours worked pursuant to the NYLL;

f. An award of back pay and liquidated damages as a result of the FMLA violations alleged herein;

g. An award of back pay and compensatory damages due under the NYSHRL;

h. An award of back pay and compensatory damages due under the NYCHRL;

i. An award of punitive damages due under the NYCHRL;

j. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class; and

n. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
October 8, 2019

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        148 West 24th Street, 8th Floor
        New York, NY 10011
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff, FLSA*
        *Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
    C.K. Lee