**jackson|lewis**®

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York NY 10017-4030
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HONOLULU, HI | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON DC REGION |
| DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

**MEMO ENDORSED**

DIRECT DIAL: (212) 545-4020
EMAIL ADDRESS: DOUGLAS.KLEIN@JACKSONLEWIS.COM

July 13, 2020

**VIA ECF**

Honorable Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

                                           Re: Perez v. Sixth Avenue Restaurant Management LLC d/b/a L'Amico, et al.
                                                Case No. 19-cv-09316 (AJN)

Dear Judge Nathan:

       We represent Defendants Sixth Avenue Restaurant Management LLC (incorrectly named as Sixth Avenue Restaurant Management LLC d/b/a L'Amico), Peak Management Services, LLC (incorrectly named as Peak Management Services, LLC d/b/a The Vine), LT Hospitality Management Inc., and Laurent Tourondel (collectively, "Defendants") in this case. We write in response to Plaintiff's letter motion to compel pre-certification class discovery filed on July 9, 2020 (DKT 55). For the reasons below, Plaintiff's request to engage in costly, burdensome pre-certification class discovery is inappropriate at this juncture of the case on this record, and the request should be denied.

       Courts in the Second Circuit are split on the efficacy and appropriateness of engaging in wide-ranging pre-certification class discovery. While there are some courts that have compelled such discovery, there is substantial case law denying pre-certification class discovery requests as well. See e.g., Baba v. Beverly Hills Cemetery Corp., Inc., No. 15-cv-5151 (CM)(BCM), DKT 54 (S.D.N.Y. Jan. 15, 2016) ("[P]laintiff's pre-certification discovery requests for individualized personnel records, individualized payroll records, and other individualized wage and hour documentation are limited to the named plaintiff and any current or future opt-in plaintiffs.") (attached hereto as **Exhibit A**); Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 169 (S.D.N.Y. 2012) ([P]laintiffs are not entitled to discovery about individual potential class members until plaintiffs have moved for and been granted class certification. Plaintiffs cannot take class action discovery, at great expense to defendants, as if their class motion already was granted.");

Case 1:19-cv-09316-AJN-OTW Document 60 Filed 08/03/20 Page 2 of 3



Hon. Alison J. Nathan
July 13, 2020
Page 2

<u>Charles v. Nationwide Mut. Ins. Co.</u>, No. 09 CV 94 (ARR), 2010 U.S. Dist. LEXIS 143487, at *23 (E.D.N.Y. May 27, 2010) ("the Court follows the prevailing view in this district and 'refuse[s] to allow discovery of class members' identities at the pre-certification stage") (internal citation omitted); <u>Klimchak v. Cardrona, Inc.</u>, No. CV 09-4311 (SJF)(ARL), 2010 U.S. Dist. LEXIS 112328, at *4 (E.D.N.Y. Oct. 21, 2010) ) ("[T]he discovery sought by the plaintiffs is improper because the class has not been conditionally certified, and thus, the plaintiffs' motion to compel is denied."); <u>Palman v. CVS Caremark</u>, No. CV 10-2075 (JFB)(ARL), 2011 U.S. Dist. LEXIS 102338, at *3 (E.D.N.Y. Sep. 12, 2011) (denying plaintiff's request to compel the production of documents relating to putative class members because a class had not yet been certified and the court's discretion to order class discovery is limited prior to certification).

Given the split in the case law, Defendants submit that the Court should look to the allegations and facts of this particular case to assess the appropriateness of Plaintiff's requests. Plaintiff was employed as an hourly kitchen employee, earning the applicable minimum wage at all times. (DKT 32, ¶ 29). Plaintiff's First Amended Complaint ("FAC") alleges that multiple corporate entities were her "employer," an issue which Defendants have raised in their pending Motion to Dismiss Plaintiff's FAC in Part (DKT 39) ("Motion to Dismiss"). Plaintiff's sweeping discovery across all Corporate Defendants is inappropriate at this juncture where the identity of the Defendants in the case has not even been resolved.

Additionally, there is no allegation that Plaintiff's wages were ever reduced by a tip credit or that she received tips as a part of her compensation. Yet, she seeks to proceed with class and collective action wage-hour claims on behalf of all non-exempt employees (tipped and non-tipped) allegedly employed by Defendants during the last six years. This is not in dispute as Plaintiff's Opposition to Defendants' pending Motion to Dismiss states, "Plaintiff never argues that her wage was below minimum wage" and that "Plaintiff never made a claim that her hourly wage rate fell below the minimum wage at all." DKT 44, at 10-11. This admission is significant because it underscores the overbreadth of the pre-certification discovery Plaintiff is seeking.

At this pre-certification stage of the case, before the scope of the Defendants in the case is known, or written or documentary discovery as to Plaintiff individually even has been completed, and before any witnesses have been produced by either party for deposition, Plaintiff seeks pre-certification class discovery concerning all non-exempt persons allegedly employed by Defendants in the last six years. By way of example only, Plaintiff's Interrogatory No. 1 seeks "the names, addresses, emails and telephone numbers of all non-exempt persons employed by Defendants ("Covered Employees"), former and current, who worked for Defendants during the last six (6) years." Similarly, Plaintiff's Interrogatory No. 8 seeks identification of "all documents and spreadsheets that contain the name, title, employment period, compensation rate and weekly work schedules of all Covered Employees that Defendants have employed during the last six years." However, by Plaintiff's own admission, she is not asserting a minimum wage claim. Further, her FAC does not set forth any specific allegations regarding any other non-tipped or tipped employee. As Plaintiff has conceded that she is not similarly situated to any tipped non-exempt employee allegedly suffered a minimum wage underpayment Plaintiff has no basis to seek discovery on behalf of individuals who Plaintiff admits she is dissimilar to.

Clearly, Plaintiff seeks pre-certification classwide discovery in order to conduct a fishing expedition from which to pursue claims on behalf of others. This is an improper use of discovery. Pre-certification discovery, when it is granted, is intended to provide the Plaintiff an opportunity to further explore facts of which she is already aware; it is not an opportunity to assert baseless allegations of classwide improprieties with the hope that Court will permit Plaintiff discovery to support her allegations. To grant Plaintiff pre-certification class discovery on this record would put the cart before the horse. If nothing else, Plaintiff should be compelled to complete discovery as to her individuals claims so the Court can evaluate what basis, if any, Plaintiff actually has for the collective and class claims she seeks to pursue. This is especially true where Plaintiff is seeking discovery regarding a claim she admits she is not asserting on behalf of a group of individuals to which she admits she is not similarly situated. See Charles v. Nationwide Mut. Ins. Co., No. 09 CV 94 (ARR), 2010 U.S. Dist. LEXIS 143487, at *23 (E.D.N.Y. May 27, 2010) (denying pre-certification Rule 23 discovery because the plaintiff failed to make a showing of "a legitimate need for the requested information"). Here, because Plaintiff admits she is dissimilar to individuals she seeks to represent, the Court should deny her expansive pre-certification discovery requests.

We thank the Court for its attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

S/Douglas J. Klein

Douglas J. Klein

cc: All Counsel (via ECF)

---

Plaintiff's motion to compel Defendants to produce class discovery (ECF 55) is **DENIED**. Given the broad scope of discovery sought, the burden on Defendants, and that Plaintiffs have yet to file a motion for collective certification, such discovery is premature. Plaintiffs' cited classes do not support such broad pre-certification discovery. *See, e.g.*, *Salazar v. Spectrum of Creations*, No. 16-cv-653 (VSB), ECF 52 (S.D.N.Y. Sept. 9, 2016) (pre-certification discovery was for only 78 pages).

The parties are directed to submit a status letter on **September 31, 2020**. The parties are also directed to appear for a status conference on **January 7, 2021 at 11:00 am; a status letter is due December 31, 2020**. The Court will inform parties closer to the conference as to whether it will be telephonic or in-person.

The Clerk of Court is respectfully directed to close ECF 55.

_____
Ona T. Wang August 3, 2020
U.S.M.J.