# JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue
New York NY 10017-4030
(212) 545-4020 Direct
(212) 972-3213 Fax
jacksonlewis.com

*Via ECF*

<div style="border: 1px solid red; display: inline-block;">**MEMO ENDORSED**</div>

September 23, 2020

Honorable Ona T. Wang, U.S.M.J.
United States District Court, S.D.N.Y
500 Pearl Street
New York, New York 10007

Re:   **Perez v. Sixth Avenue Restaurant Management LLC d/b/a L'Amico, et al.**
      **Case No. 19-cv-09316 (AJN)(OTW)**

Dear Magistrate Judge Wang,

We represent Defendants Sixth Avenue Restaurant Management, LLC (improperly named as "Sixth Avenue Restaurant Management LLC d/b/a L'Amico"), Peak Management Services, LLC (improperly named as "Peak Management Services, LLC d/b/a The Vine"), LT Hospitality Management, Inc., and Laurent Tourondel (collectively, "Defendants"). Pursuant to Rule II(b) of Your Honor's Individual Practices in Civil Cases and the direction Chambers provided by telephone on September 22, 2020, we write to request that the Court issue an Order directing: (1) the continuation of Plaintiff's deposition; and (2) Plaintiff to execute authorizations for Plaintiff's tax, medical, and employment records. These issues are in dispute notwithstanding the Parties' good faith efforts to resolve them through the "meet and confer" process as set forth in Local Rule 37.2.

Plaintiff's deposition was noticed for September 22, 2020 at 11:00 A.M. by Zoom video conferencing. The deposition was scheduled to begin at 11:00 A.M. at Plaintiff's request. Plaintiff required a Spanish interpreter. Plaintiff was present in her attorney's office for the deposition. All other participants (counsel for Defendants and a client representative, the court reporter, and the Spanish interpreter) were remote by Zoom due to COVID-19.

Due to technical difficulties with the interpreter's Zoom audio connection, the deposition did not start until shortly after 12:00 P.M. when the technical issue was resolved. Once the deposition began, Plaintiff's counsel and the Spanish interpreter had continual disagreements based on Plaintiff's counsel's statements that the interpreter was not translating everything being said on the record and the interpreter's disagreement with that position. The Spanish interpreter grew visibly frustrated, ultimately said that she could not work under the circumstances, and abruptly signed out of the virtual deposition. The court reporting company apologized for the circumstances and immediately located a new Spanish interpreter to join by Zoom. It took the court reporting company just one hour to locate a new Spanish interpreter, and the deposition recommenced at approximately 1:15 P.M. without further interruption.

**JacksonLewis**

Close to 6:00 P.M., the Parties had been on the record for approximately 4 hours. Plaintiff's counsel announced that he intended for the deposition to stop at 6:00 P.M. Defendants' counsel did not object to stopping for the day, but asked when Plaintiff would be re-produced to complete her deposition. Plaintiff's counsel said that he would not bring his client back to complete her deposition. Plaintiff's counsel pointed to the technical difficulties with Zoom, the first interpreter abruptly quitting (albeit as the record shows due to Plaintiff's counsel disagreements with the interpreter), and the need to obtain a new interpreter as prejudicial to him and his client. Defendants' counsel stated that Defendants are entitled to seven hours on the record, and Defendants were prepared to stay and finish the deposition.

The Parties contacted the Court and were directed by Chambers to meet and confer to try to resolve the issue or to submit a motion. The Parties met and conferred. Plaintiff's counsel stated that he would stay longer only if Defendants' counsel committed to an end-time certain for the deposition. Particularly given the presence of a translator, which inevitably slows down the deposition process, Defendants' counsel said Defendants would complete the deposition as quickly as possible but would not commit to ending before the seven-hour mark. Plaintiff's counsel said that was unacceptable and the Parties ended for the day.[1]

## 1.   Defendants Should Be Permitted Three Hours To Complete Plaintiff's Seven Hour Deposition.

Fed. R. Civ. P. 30(d)(1) states that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination" (emphasis added).  See Arista Records, LLC, v. Lime Group LLC, No. 06 Civ. 5936 (GEL), 2008 U.S. Dist. LEXIS 31269, at *2 (S.D.N.Y. Apr. 15, 2008) (granting request to extend deposition and noting that "[t]he specific exceptions provided in Rule 30 itself do not restrict the court's discretion to expand depositions" and, to the contrary, "they require the court to permit additional time under the specified circumstances.").  "Only time spent actually taking the deposition, not breaks, counts toward the seven hours." Rahman v. Smith & Wollensky Rest. Group, Inc., No. 06 Civ. 6198 (LAK) (JCF), 2009 U.S. Dist. LEXIS 3510, at *11 (S.D.N.Y. Jan. 7, 2009). The "7 hour time limit [for depositions] is merely a guide" and "[p]reoccupation with timing is to be avoided."  Condit v. Dunne, 225 F.R.D. 100, 112 (S.D.N.Y. Dec. 8, 2004) (citing 2000 Advisory Committee notes to Fed. R. Civ. P. 30(d)).  "It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court."  Id.

Defendants are not requesting to exceed the seven-hour time limit under the Fed R. Civ. P. Defendants simply are asking to complete Plaintiff's deposition in the allotted seven hours. The interpreter's Zoom audio technical difficulties prior to the start of the deposition were not the fault of either party. It was an unfortunately common or predictable issue in light of the COVID-19 pandemic and alternative deposition arrangements to promote social distancing. The sudden departure of the first Spanish interpreter was

---

[1] The Parties stated their positions and supporting arguments on the issues set forth in this letter motion on the record at the deposition. As the deposition was conducted yesterday, we still do not have a copy of the transcript. We will provide a copy of the transcript to the Court upon receipt of same if that would be helpful to the Court's review of this matter.

**JacksonLewis**

unexpected. However, the court reporting company immediately found another interpreter. Defendants should not be prejudiced from completing Plaintiff's deposition in the time allotted under the Fed R. Civ P.[2]

2.   **Defendants' Request that Plaintiff Complete Various Authorization Forms, as They Are Relevant to Her Claims.**

On September 2, 2020, Defendants served Plaintiff with authorizations for her tax records, medical records from Mount Sinai Beth Israel, and her employee records from a restaurant at which she claims to have obtained work after her separation. On September 10, 2020, having received no response, Defendants contacted Plaintiff to ask about the status of the authorizations. Plaintiff did not respond.

During Plaintiff's deposition, Plaintiff's counsel objected to Plaintiff executing the tax and employment records authorizations. Counsel stated the records were not relevant or proportional to the claims in this matter.[3] However, these requests are directly relevant to this case. Plaintiff has asserted claims of employment discrimination under the New York State and New York City Human Rights Laws. In a discrimination case, the defendants are entitled to discovery regarding income Plaintiff has received since her alleged constructive discharge, as it relates directly to her claim for damages. See Carling v. Peters, 10-CV-4573 (VM)(HBP), 2011 U.S. Dist. LEXIS 92952, at *7-8  (S.D.N.Y. 2011) (compelling plaintiff to produce all documents concerning his gross income because he claimed he lost business opportunities due to his relationship with defendant). See also Michelman v. Ricoh Ams. Corp., 11-CV-3633 (MKB), 2013 U.S. Dist. LEXIS 25143, at *7 (E.D.N.Y. Feb. 22, 2013) (allowing the discovery of tax returns in an employment discrimination case since they were "relevant to . . . claim[s] for backpay and to mitigation of damages.").

Similarly, this Court has previously found that the production of IRS Form-1099 and IRS Form-W-2 records were proper as they were a "less intrusive means to obtain Plaintiff's [post-employment] income information." Compagnone v. MJ Licensing Co., 18-CV-6227 (ALC)(OTW), 2019 U.S. Dist. LEXIS 214451, at *3 (S.D.N.Y. Dec. 12, 2019). So too should Plaintiff execute an authorization for her subsequent employment records. See generally Boyer v. Riverhead Cent. Sch. Dist. CV 05-4955 (SJF)(AKT), 2006 U.S. Dist. LEXIS 116939, at *6 (E.D.N.Y. Sep. 20, 2006) (ordering plaintiff to produce duly executed authorizations for the release of her employment records because they were "relevant" to the case).[4] Therefore, Defendants request that Your Honor compel Plaintiff to execute these authorizations.

---

[2] The Parties previously agreed that the deposition of non-party Rachel Blank would proceed after completion of Plaintiff's deposition. Thus, as the Parties already agreed, Ms. Blank's deposition should proceed when Plaintiff's deposition is completed.

[3] Again, we will provide a copy of the transcript to the Court upon receipt of same if that would be helpful to the Court's review of this matter.

[4] With respect to an authorization for Plaintiff's medical records from Mount Sinai Beth Israel, Defendants are entitled to discovery of Plaintiff's medical conditions and treatment for those conditions are Plaintiff has asserted claims under the New York City Human Rights Law. Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 223 (S.D.N.Y. 1994) ("Since plaintiffs seek to prove that they have suffered emotional distress as a result of [] harassment . . . defense counsel have a right to inquire into plaintiffs' past for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related."). Plaintiff cannot recall the name of the hospital she claims to have attended. However, in Plaintiff's discovery responses, she said it was on 14th Street near 1st Avenue in Manhattan, though during her deposition she could only recall that it was near 14th Street in Manhattan. We ask that the Court take judicial notice that Mount Sinai Beth Israel operates a hospital at 281 First Avenue in Manhattan and order Plaintiff to execute the medical records authorization. If Plaintiff did not in fact receive treatment at Mount Sinai Beth Israel, there is no harm to Plaintiff as Mount Sinai will simply respond that it has no records for Plaintiff.

# JacksonLewis

September 23, 2020
Judge Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
Page 4

Respectfully submitted,

S/Douglas J. Klein

Douglas J. Klein
212-545-4020 Direct
Douglas.Klein@jacksonlewis.com
Jackson Lewis P.C.

CC: All counsel of record (via ECF)

Applications GRANTED. Plaintiff shall be produced for an additional three hours of testimony time. Parties shall meet and confer regarding a date for the continued deposition. Plaintiff shall produce signed authorizations to Defendants by October 8, 2020. Parties are directed to submit a joint status letter on **October 30, 2020**. ECF 62 resolved. SO ORDERED.

/s/ Ona T. Wang Oct. 1, 2020
U.S.M.J.