UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARIA PEREZ,

                 Plaintiff,                                 19-CV-9316 (OTW)

        -against-                              **OPINION & ORDER**

SIXTH AVENUE RESTAURANT MANAGEMENT
LLC., et al.

                 Defendants.
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff Maria Perez brings this action against Defendants Sixth Avenue Restaurant Management LLC (named as Sixth Avenue Restaurant Management LLC d/b/a L'Amico) ("Sixth Avenue"), Peak Management Services, LLC d/b/a The Vine ("Vine"), LT Hospital Management, and Laurent Tourondel. Plaintiff alleges she was employed by Sixth Avenue as a food preparer, "interchangeably with Defendants' restaurant, the Vine." Am. Compl. ¶ 27. Plaintiff alleges Fair Labor Standard Act ("FLSA"), Family and Medical Leave Act ("FMLA"), New York Labor Law ("NYLL"), New York State Human Rights Law, New York City Human Rights Law, and New York City Administrative Code claims.[1] Am. Compl. ¶¶ 47-87. The parties submit their proposed FLSA settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 83-1). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 76). For the reasons below, the Court **APPROVES** the settlement. (ECF 15-1).

---

[1] The parties have separately settled the non-wage and hour claims. *See* ECF 82; *supra.*

I.  Background

Plaintiff alleges that she was employed by Defendants as a food preparer for Defendants' restaurant, L'Amico, and "interchangeably with" the Vine from July 2017 to September 2018. Am. Compl. ¶ 27. Plaintiff alleges that she worked in excess of forty hours per week, but Defendants did not pay her overtime due to Defendants' time shaving policy. Am. Compl. ¶¶ 28-30. Plaintiff also alleges that Defendants did not provide her with proper wage statements. Am. Compl. ¶¶ 34-35. At all relevant times Plaintiff, who was 52 at the end of her employment, was the oldest employee and alleges that, because of her age, her supervisors created a hostile environment and discriminated against her. Am. Compl. ¶ 36. Defendants' Human Resources denied Plaintiff's FMLA request, for which she applied based on a serious health condition that left her unable to perform her job. Am. Compl. ¶ 42. After the denial, Plaintiff alleges she was harassed. Am. Compl. ¶ 43. Plaintiff was constructively terminated and forced to resign in September 2018. Am. Compl. ¶ 44.

Plaintiff filed her complaint on October 8, 2019. (ECF 1). Defendants moved to partially dismiss the complaint in March 2020. (ECF 26). In response, Plaintiff amended her complaint. (ECF 32, the "Amended Complaint"). Defendants have moved to partially dismiss the Amended Complaint. (ECF 39). The parties initially filed their fairness submission materials on December 1, 2020. (ECF 74). The Court held a conference with the parties on January 27, 2021 to discuss the settlement and the non-disclosure agreement ("NDA") referenced in the settlement agreement. (ECF 78). After parties represented that the NDA was for the non-FLSA claims, (ECF 78), the parties subsequently stipulated to a voluntary dismissal of the non-wage claims (ECF 82) and filed a revised settlement agreement without an NDA (ECF 83).

**II.     Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a.    Range of Recovery

Plaintiff alleges a maximum recovery for her wage-and-hour claims to be approximately $6,238.50. (ECF 83 at 2). The proposed settlement amount is $12,500 (ECF 15 at 4). Of the total settlement amount, Plaintiff would receive $8,000 and Plaintiffs' counsel would receive $4,500 for attorneys' fees and costs. (ECF 15 at 4, ECF 15-1 at 2). Plaintiff's settlement amount thus represents approximately 128% of Plaintiff's alleged maximum.[2] Given the risks of litigation as noted below, the Court finds this amount reasonable.

---

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g.*, *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL

3

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties acknowledge that the factual disputes present in this case present them with risks were they to proceed with litigation. (ECF 83 at 2). Defendants face risk because of the litigation expenses and burdens in establishing their respective defenses. (ECF 83 at 2). Plaintiff faces risk because Defendants contend that she was properly compensated and further litigation could lead to a smaller award than this settlement. (ECF 83 at 2). With a settlement, she can obtain immediate recovery versus a delayed recovery or none at all. (ECF 83 at 2).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of an arm's-length negotiation represented by competent and experienced wage and hour counsel. (ECF 83 at 2). The parties further exchanged relevant documents and an open sharing of facts and information. (ECF 83 at 2). There is no evidence to the contrary.

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff is no longer an employee of Defendants, diminishing potential concern that Plaintiff may have been coerced into the settlement by her employer.

---

1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

e. **Additional Factors**

The release is appropriately limited to claims based on Plaintiff's employment with Defendants. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The attorneys' fees and costs award of $4,500 is reasonable, and represents approximately 36% of the total award.[3] Although there is not a proportionality requirement, attorney fees settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). In this case, Plaintiff's counsels' fees are

---

[3] Plaintiff is represented by Anne Seelig and C.K. Lee of the Lee Litigation Group, PLLC.

5

reasonable. They began representing Plaintiff in October 2019 and the revised settlement agreement was negotiated in February 2021. In that period, counsel drafted and filed the complaint as well as an amended complaint, conducted discovery, opposed the motion to partially dismiss the amended complaint, and filed a motion to certify a collective. The proposed amount of $4,500 is less than the total recorded fees and costs submitted by Plaintiff's counsel, which total $26,680 for 66.7 hours of work. (ECF 83 at 3; 83-3).

### III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement (ECF 83-1) as fair and reasonable. It is **HEREBY ORDERED** that the action is dismissed with prejudice without costs. The Clerk of Court is directed to close all open motions.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: March 3, 2021<br>New York, New York | _s/ Ona T. Wang_<br>**Ona T. Wang**<br>United States Magistrate Judge |